My name is Susan E. Hill and I represent the petitioner Mr. Victor Gavia-Magdaleno. Mr. Gavia is in front of this court today because the BIA made a decision that he has basically three issues with. The first is that he was found deportable. The second is that, assuming he is deportable, that he is ineligible for relief from deportation. And the third issue that he has is, even if he is found deportable and that he is an aggravated felon, that he may still concurrently apply for relief under Section 212C and LPR cancellation. Starting first with the deportability issue, it was predicated mainly upon two convictions. One that occurred in 2006 for controlled substance offense, and the government submitted records to support that. The other conviction allegedly occurred in June of 1987, and that is the conviction that Mr. Gavia has issue with. It's undisputed that the government had the burden to establish, by clear and convincing evidence, that Mr. Gavia was supportable. They submitted only three documents to support that contention. The first document was an incomplete felony complaint that was not signed. The second document was an incomplete minute order. It picked up at paragraph, I believe, 71, and all it indicated was that a probation had been entered, that he had been sentenced to 365 days in jail, and it did not indicate for what conviction or for what criminal offense he was convicted, and it did not indicate any other information. Did it have the same case number as the felony complaint? I believe it did, Your Honor. So why, if it's certified as a true and correct copy of the documents that came out of the court file, why can't the probation judge look at the two documents together and conclude that they relate to the same? Because the minute order did not indicate any counts that it related to. I thought it said that he had pled guilty to count one. The minute order, Your Honor? I thought so. I thought so. Thank you. I do not call that document the minute order. I apologize if there's been a misunderstanding. That is the report of indeterminate sentence on administrative record 430. So what were you talking about? I was talking about the minute order that appeared, I think it's after that. 432? I believe so. Yes, page 432. I do not see that that relates to any of the counts on the felony complaint. Going to the report of indeterminate sentence, that under recent case law that counsel for the government had submitted in a 28-J letter. I also, at the last minute, I apologize, submitted my own 28-J letter and provided copies to the court this morning. I guess the question we have to ask ourselves is, does substantial evidence support the immigration judge's conclusion that there was, in fact, a conviction involving this man? And the immigration judge had before him all of this documentation, duly certified from the public records of the Bureau of Criminal Identification and Information at the Department of Justice in Sacramento. And is your attack on the sufficiency of that evidence? Yes, it is, Your Honor. But doesn't that go to the weight rather than its admissibility? Because under the public records exception, the document is admissible. And then I guess you make your pitch to the judge that it's not good enough. Correct. It did not establish clear and convincing evidence of deportability. Okay. Well, what's the closest authority? Excuse me. Go ahead. I just, what's the closest authority that rejects documents that are certified from the record and put them together to see what he was convicted and sentenced to? The closest authority, Your Honor, would be U.S. v. Espinosa Morales. It was decided by the court September 10th. I have the docket number and the Westlaw citation. I included it in my 28-J letter that I submitted this morning as well. It's docket number 09- Oh, I see. Okay. And, Your Honor, that discusses that, and it relates back to U.S. v. Snellenberger, which was referenced in counsel's 28-J letter. And basically- Snellenberger was our in-bank decision that Judge Smith wrote, right? I wrote a dissent. I wrote a dissent. That's right. I knew you were there. Very well reasoned. Thank you. How brilliant is that? How brilliant is that, right? However, Snellenberger did identify- But, nevertheless- A dissent. Indeed. Not applicable here. It ain't law. Snellenberger identified three grounds on which a certified document may be considered reliable for purposes of establishing fact of conviction. Those three grounds were that it was created timely, basically at the same time as the events were taking place. You don't challenge that, do you, with regard to these documents? I do challenge the reported indeterminate sentence. It was not created at the same time. How did we know that? It's dated. And, again, we have a problem. There's no signature on it indicating that whoever created it intended it to be a final document. Where in the law is there a requirement that every piece of paper in a public record file has to be signed by somebody? That's news to me. There's not a requirement, Your Honor, but the issue here is reliability. And going back to Snellenberger, as the issue is reliability, we want to see the circumstances under which a document was created. The reported indeterminate sentence, I believe, has a date stamp at the bottom of July 31st, 1987, which is not the same time when the conviction allegedly was entered on June 12th. I'm looking at the incident, I guess it's 4-32, which is the Los Angeles Superior Court. Yes, that is the incomplete minute order. Right, but it's dated July 26th, is it not? 28th, I think. 28th. So it's three days. Right. You're talking about documents that were basically created contemporaneously, you know, within three days of one another, relating to the same case number, the same defendant, as near as I can tell, the same charges. Yes, and that is problematic as well because under Snellenberger, we expect the document is created as close to the event as possible to ensure its reliability. Well, yes, but these are certified as part of the court file, and putting them together, they tell a story. Yes, Your Honor. Now, you're arguing, well, somebody failed to sign it. Well, if the document in the official file is not signed, that doesn't make the document any less a part of the official file. I agree it's part of the official file, but Espinoza-Morales recognizes that mistakes can occur. And referring back to Snellenberger, it gave precise criteria for why we believe a document is reliable, and one of those is that it's created as close to the time of preparation. But under California rules, though, isn't this exactly what they do? I mean, they don't occur any faster than this. This is just a normal process. You've got the clerks that do what they do, and this occurred in the ordinary course of business. So why doesn't, at least as far as a contemporaneous preparation, why doesn't this satisfy Snellenberger? Erroneous, though, the case may be. Because, again, under Espinoza-Morales, this report of indeterminate sentence on administrative record page 430, it's more like an informal abstract of judgment, which is simply a transposition of information. It's data entry. There is no requirement under the California Penal Code or any of the other California statutes that it be prepared accurately, as opposed to- Counsel, the problem I have with your argument is you're losing sight of the totality of the evidence that was before the immigration judge. Granted, you can challenge the completeness of a single piece of paper, but I've got a felony complaint of the same case number charging him with 11352, a felony controlled substances violation. I've got a minute entry from the Superior Court of California in which he pled guilty. I've got an indeterminate sentencing report reporting the sentence that he's got. And I've got his complete rap sheet from CINI that reflects the same cause number, same case, same charges, same disposition. How can I possibly conclude that there was insufficient evidence to permit the immigration judge to find that he suffered that conviction? Because, as I stated, Your Honor, sorry if I'm repeating myself, this comes down to the report of indeterminate sentence, which we contend is not an inherently reliable document, as was identified- What is the rule that you wish us to adopt here? That they have to put in the entire superior court record, every document in it? That the documents that have been identified in prior case law as being reliable. In this case, this particular fact pattern rests upon a report of indeterminate sentence, which we argue is not a reliable document. What are we to make of the colloquy that the judge had with Ms. Villegas, giving her an opportunity to go back to the court to get additional documents? And I'm reading, if any of you can since the court, all we can consider the court records, which you so elegantly put in your brief, so let's let you go back to court records, see if there are any documents that would establish this conviction for sale or transportation that your client suffered is not an aggravated felony. In other words, there was an opportunity given to counsel to go back and find something different. What are we to make of the fact that nothing was found and nothing was produced? My understanding is that the documents did not exist. The government was given three chances to provide the entire court record, and they were unable to do so. I don't believe it made it onto the official oral transcript of the court, but my notes indicate that the records did not exist. So from your perspective, and I guess I'm following up on what Judge Schroeder asked you, I mean, what would you have us do here? We have, as has been articulated by all of the judges, we have this official court file that's been given. The immigration judge had it for him. What are you asking us to substitute? This is what California does. That's just what's there. Sometimes we get a colloquy. That's always very helpful. There's not one in this case. There was an opportunity given to see if there was anything else. Nothing was brought forward. So in this case, are you saying that because a particular document doesn't exist, that the whole thing goes out the window? Yes, Your Honor, because due process requires that the court be certain that a fact of conviction has occurred based on certain reliable documents, and those reliable documents are no longer in use in this case. But your client's lawyer was given the opportunity in a continuous by the immigration judge, I'm looking at page 133 of the excerpt of record, to actually personally go to the court and see if there were anything else in the court file that could disprove what these documents show. And she said, okay, I'll go look, and she didn't produce anything. What more would you have the immigration judge do? On page, excuse me while I find that. I believe it was on page 168. I know at one point she did state that there's nothing, that all that she could find was, all the further documentation that she had in possession of to submit was in Exhibit 5. And she stated several times throughout the course of proceedings that the government was not able to produce these documents. Again, I don't know why it did not make it onto the transcript, or that it was not clearly stated that her efforts did not produce results. I think we're beating a dead horse here, and we're way over time. May I have a minute for rebuttal? Well, we'll see if there are any other questions. I trust we're not going to let the animal rights people know that's what we're doing. I know, I'm beating a dead horse. Sorry about that, it's early. Good morning again. My name is Amy Fredrickson for the government. The petitioner in this case has two convictions, a 1987 conviction for sale or transportation of cocaine, and a 2006 conviction for possession of cocaine base. The petitioner in this case was found removable based on the 2006 conviction for possession of cocaine base. The petitioner is making an argument that that is not a valid conviction because it could be eligible for treatment under the Federal First Offender Act. However, the documents of record amply demonstrate that it was not his first conviction because he had the conviction in 1987. But she's raised an interesting point. As Snellenberger illustrates, we have wrestled with this whole issue of modified categorical evidence of the conviction of a crime. She's saying that the documents, particularly the minute order, is not signed and there's no evidence that, in fact, the defendant agreed to this. In short, we're missing some documents that are the predicate for the conviction in the first place. That's the argument. She cites a recent case saying that that buttresses her position. What's your response to that? First, under Snellenberger, the requirements for the documents is that they were prepared by a court official at the time of the guilty plea. The official is charged with the legal duty of accurately reporting the proceedings and the defendant has the right to examine and challenge the contents of the record. Now, the conviction record that we have fits that description. We have the charging document that shows that the 1987 conviction was for cocaine. We have the indeterminate sentence report showing that he pled guilty. Two count one. And we additionally have an order showing that he was, in fact, sentenced. Now, when you look at all of these documents together, those documents amply demonstrate that he has the conviction. Is it the government's position that, as Judge Tallman articulated, this is simply a question of the weighing of the evidence before the judge and that the judge is entitled to consider it and as long as it meets the general description in Snellenberger that the judge finds it sufficiently weighty to tip the balance, that's enough? Yes. The question is one of sufficiency and significance. And in this particular case, the documents are official court records. The petitioner had the opportunity, as part of his criminal proceedings, to examine the documents and to challenge their contents, and he's never done so. There's nothing of record demonstrating that he's ever done so. And the documents themselves demonstrate the facts required, namely that he has a conviction and that the conviction was for cocaine. And, therefore, that the 2006 conviction for possession of cocaine was not his first offense. And as such, the Department of Homeland Security fully met its burden of proof demonstrating that he was removable. The petitioner then seeks relief from removal. And for relief from removal, the petitioner had the burden of demonstrating by a preponderance of the evidence that he was eligible for such relief. And the documents of record do not support the conclusion that he was eligible for relief from removal. This is a post-Real ID Act case because his application was filed after 2006. And the board has found that because the Real ID Act amended the provisions relating to the burden of proof and corroboration for aliens seeking relief from removal, that where the IJ finds that the record is insufficient offers the petitioner a chance to gather more evidence to prove eligibility for relief. And the petitioner fails to do so. The petitioner has not met that burden of proof. That is precisely what happens in this case. The documents that we have demonstrate that the petitioner has multiple convictions for both relating to cocaine or cocaine and cocaine-based that the 1987 conviction was for sale or transportation, which could qualify it as an aggravated felony, and the petitioner did not meet his burden of demonstrating that he was eligible for the relief. The board correctly determined that the petitioner failed to meet his burden of proof, and the board correctly determined that the petitioner was removable on the basis of these two conditions. Does the board have additional questions? No. Thank you. Are there any questions of the appellant? No. All right. The case just argued is submitted for decision. The next case on the calendar, Gavin v. City of Los Angeles, is ordered submitted on the briefs. May I inquire as to the next case, Delgado v. Ortho McNeil and Christopher v. Smith-Klein? These are not the same cases, but they are related. Are counsel for all those cases, both of those cases present now? We are, Your Honor. All right. Then let's hear the first case. I want to make sure that counsel for the Christopher case hears the argument in the Delgado case. Do you want everybody to come up? No, that's not necessary. I think we're going to argue them separately. I just want to make sure that the counsel for the second are present and hear the argument in the first. Don't stumble over the dead horse.
judges: Schroeder, Tallman, Smith M.